```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTON PURISIMA,

                    Plaintiff,

        - against -

BO XILAI, also known as Secretary of the Chinese
Communist Party in Chongqing, "China"; JOHN
DOE; and JANE DOE,

                    Defendants.
------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 1 5 2011 ★
BROOKLYN OFFICE

MEMORANDUM
& ORDER

11-CV-5523 (NGG)(LB)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Anton Purisima filed the above-captioned pro se action, 11-CV-5523 (NGG) ("Purisima VI") on November 9, 2011. Pursuant to 28 U.S.C. § 1915, Plaintiff's request to proceed in forma pauperis is granted solely for the purpose of this Order. For the reasons set forth below, this action is dismissed. Plaintiff is directed to show cause within 30 days why the court should not issue an order barring him from filing any future frivolous actions seeking in forma pauperis status without first obtaining leave of the court. 28 U.S.C. § 1651.

I.     BACKGROUND

Plaintiff has previously filed multiple complaints, in which he alleged that the operators of a bus company and other defendants discriminated against him on the basis of race or national origin in connection with a bus trip on July 13 and 14, 2009. See Purisima v. Tiffany Entertainment, et al., 09-CV-3502 (NGG) (LB) ("Purisima I"); Purisima v. Asian Marketing, et al., 11-CV-1919 (NGG) (LB) ("Purisima II"); Purisima v. Zheng, et al., 11-CV-2381 (NGG) (LB) ("Purisima III"); Purisma v. President Hu-Jintao, et al., 11-CV-2967 (NGG) (LB) ("Purisima IV"); Purisma v. Lang Lang Int'l Musc Found., et al., 11-CV-5052 (NGG) (LB)

1

("Purisima V"). Plaintiff's second through fifth complaints also alleged that the bus company is part of a vast global conspiracy by the Chinese government and Chinese leaders.

On July 20, 2011, the court consolidated the first four actions, dismissing the second through fourth complaints without prejudice to Purisima I. The court dismissed as frivolous Plaintiff's claims alleging violations of Title VI and Title VII of the Civil Rights Acts in these actions. (Purisima I Order of July 20, 2011 (Docket Entry # 57) at 7-8.) The court also dismissed as frivolous Plaintiff's claims alleging a global conspiracy in his second through fourth complaints. (Id. at 10.) By Order dated November 7, 2011, the court dismissed Plaintiff's fifth action as frivolous and warned Plaintiff that commencing additional duplicative or frivolous litigation could result in the imposition of an injunction prohibiting him from making future filings seeking in forma pauperis status without leave of the court. (Purisima V Mem. & Order (Docket Entry # 3) at 4-5.)

In the instant action, Plaintiff names different Defendants but makes allegations similar to those advanced in the prior actions. He reiterates his allegations regarding discrimination in connection with the July 2009 bus trip. (Purisima VI Complaint (Docket Entry # 1) at 18-20, 22-23, 25.) Plaintiff "incorporates the Honorable Court's 'Memorandum and Order' dated July 19, 2011" as well as his allegations in "case # 09-CV-3502 (NGG)(LB)," which he characterizes as a "related case." (Id. at 8.) Plaintiff alleges that Bo Xilai, the named Defendant in this Complaint, is a manager of "Tiffany Entertainment," and "Asian Marketing Team," named defendants in his prior cases. (Id. at 1.)

The instant Complaint also expands on Plaintiff's earlier claims related to a global conspiracy by Chinese officials. He alleges that "Defendant Bo Xilai is responsible [for] destroying American owned businesses in Chongqing, China as retaliation against Plaintiff

2

Anton Purisima herein for filing a charge or complaint on or about June 18, 2009." (Id. at 1.) Plaintiff further alleges that "Bo Xilai, as chief of the authorities in Chongqing, China, instructed and ordered the authorities to impose severe penalties as well as 'costly shutdown,' of thirteen (13) Wal-Mart stores in Chongqing, China." (Id. at 3.)

Plaintiff attaches multiple exhibits, including documents from his previous cases and news clippings related to the shutdown of Wal-Mart stores in Chongqing and allegations of "economic spying." (Id. at 28-44 (attached as Exhibits 1-7).)

Plaintiff seeks damages in the amount of "four hundred decillion dollars." (Purisima VI Complaint at 5.) He requests "injunctive relief" including "an order to stop retaliation against Plaintiff Anton Purisima; against all Americans; . . . against the British; and . . . against Filipinos." (Id. at 27.) He also requests "'safety measures' and or safety orders for Plaintiff Anton Purisima and his families." (Id.)

## II.   DISCUSSION

### A.   Duplicative and Frivolous Claims

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). The instant Complaint repeats claims that Plaintiff raised in his prior suits. Although Plaintiff's newest Complaint names a different Defendant, Bo Xilai, it links this Defendant to the defendants named in Plaintiff's pending case. Additionally, the sixth Complaint, like Plaintiff's others, centers on the June 2009 bus incident. The court finds that no useful purpose would be served by the litigation of duplicate claims. Accordingly, the discrimination claims that Plaintiff raises here are dismissed without prejudice to the pending litigation in Purisima I.

Plaintiff's claims alleging a global conspiracy are also dismissed as frivolous and duplicative of his previous actions. Nothing in the instant Complaint alters the court's previous finding that Plaintiff's global conspiracy claims are factually baseless. (See Purisima I July 20, 2011 Order at 10.) To the extent that Plaintiff sets forth a new claim of retaliation—i.e., his allegation that the Chinese government's shutdown of Wal-Mart stores in Chongqing was retaliation for Plaintiff's prior filings—this claim is also dismissed as factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). See Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'").

### B.   Frequent Frivolous Litigation

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000). "With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints." In re Sassower, 20 F.3d 42, 44 (2d Cir. 1994); see also Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing 'vexatious, harassing or duplicative lawsuits,' courts may impose sanctions, including restrictions on future access to the judicial system."). The court may not, however, "impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998).

The court has previously notified Plaintiff that filing duplicative and frivolous complaints may result in the imposition of an injunction prohibiting him from filing subsequent in forma pauperis complaints without the court's prior authorization. (Purisima V Mem. & Order at 4) Nonetheless, apparently undeterred by the court's warning, Plaintiff has filed this duplicative, frivolous action.

Accordingly, Plaintiff is directed to show cause, by written affirmation, within 30 days of the date of this Order, why the court should not bar him from filing any future frivolous complaints seeking in forma pauperis status, without leave of the court. 28 U.S.C. § 1651. If Plaintiff fails to show cause within the time allotted, he will be barred from filing any such actions.

## III. CONCLUSION

For the reasons stated above, the Complaint is dismissed as duplicative of Plaintiff's action in Purisima v. Tiffany Entertainment, et al., 09-CV-3502 (NGG) (LB), and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). The court directs Plaintiff to show cause, within 30 days from the date of this Order, why he should not be barred from filing future complaints without leave of the court, as set forth above. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
December 14, 2011

NICHOLAS G. GARAUFIS
United States District Judge