FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JAN 3 1 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTON PURISIMA,

           Plaintiff,

      -against-

BO XILAI, *also known as Secretary of the Chinese Communist Party in Chongqing, "China"*; JOHN DOE; and JANE DOE,

           Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-5523 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

    By Memorandum and Order dated December 14, 2011, the court dismissed the above-captioned action as frivolous. (Mem. & Order (Docket Entry # 3) at 3-4.) The court also directed pro se Plaintiff Anton Purisima to show cause, by written affirmation, why he should not be barred from filing any future frivolous actions seeking in forma pauperis status without first seeking leave of the court. (Id. at 4-5.) Having reviewed Plaintiff's submission (Pl. Aff. (Docket Entry # 4)), the court finds that an injunction is warranted. Plaintiff is barred from filing future in forma pauperis complaints, as set forth below.

**I.    BACKGROUND**

    Plaintiff has filed six civil actions in this court since August 8, 2009. In Plaintiff's first action, Purisima v. Tiffany Entertainment, et al., No. 09-CV-3502 (NGG)(LB) ("Purisima I"), Plaintiff alleged that the operators of a bus company and other defendants discriminated against him on the basis of race or national origin in connection with a bus trip on July 13 and 14, 2009. That case remains pending. Plaintiff subsequently filed five new actions, Purisima v. Asian Marketing, et al., No. 11-CV-1919 (NGG)(LB) ("Purisima II"); Purisima v. Zheng, et al., No.

1

11-CV-2381 (NGG)(LB) ("Purisima III"); Purisima v. President Hu-Jintao, et al., No. 11-CV-2967 (NGG)(LB) ("Purisima IV"); and Purisma v. Lang Lang Int'l Music Found., et al., No. 11-CV-5052 (NGG)(LB) ("Purisima V"); Purisma v. Bo Xilai, et al., No. 11-CV-5523 (NGG)(LB) ("Purisima VI"). Each of the subsequent cases referred to the original bus trip incident and alleged that the bus company is part of a vast global conspiracy by the Chinese government and Chinese officials. Plaintiff also alleged that the Chinese government retaliated against him for filing of Purisima I in this court, and attached news clippings he claimed were related.

On July 20, 2011, the court consolidated the first four actions, dismissing the second through fourth complaints without prejudice to Purisima I. The court dismissed as frivolous Plaintiff's claims alleging violations of Title VI and Title VII of the Civil Rights Acts in these actions. (Purisima I Order of July 20, 2011 (Docket Entry # 57) at 7-8.) The court also dismissed as frivolous Plaintiff's claims alleging a global conspiracy in his second through fourth complaints. (Id. at 10.) By Order dated November 7, 2011, the court dismissed Plaintiff's fifth action as frivolous and warned Plaintiff that commencing additional duplicative or frivolous litigation could result in the imposition of an injunction prohibiting him from making future filings seeking in forma pauperis status without leave of the court. (Purisima V Mem. & Order (Docket Entry # 3) at 4-5.) Plaintiff nonetheless commenced this, his sixth, action on November 9, 2011. (Purisima VI Compl. (Docket Entry # 1).) On December 14, 2011, the court dismissed the action as frivolous and directed Plaintiff to show cause why the court should not bar Plaintiff from filing any future frivolous actions seeking in forma pauperis status without first seeking the court's authorization. (Mem. & Order.) Plaintiff filed an Affirmation in response to this Order on January 13, 2012. (Pl. Aff. (Docket Entry # 4).)

## II. DISCUSSION

Plaintiff's Affirmation fails to address the court's concerns with regard to his frequent and vexatious filings. Rather, Plaintiff argues that his lawsuits were not duplicative of one another.[1] And, through his Affirmation, he makes additional factual allegations in an apparent attempt to make claims not raised in his original complaint in this action.[2] The Affirmation does not, however, offer any reason why Plaintiff should not be barred from filing future in forma pauperis complaints. As the court has warned, "[i]f a litigant has a history of filing 'vexatious, harassing or duplicative lawsuits,' courts may impose sanctions, including restrictions on future access to the judicial system." Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005). Plaintiff has demonstrated such a history. The court therefore finds that issuance of an injunction is necessary to protect "the efficient administration of justice" and prevent "an unnecessary burden on the courts and their supporting personnel." See Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000).

## III. CONCLUSION

The Court orders that:

(1) plaintiff is enjoined from filing any new *in forma pauperis* action in this Court without obtaining leave of Court; (2) the Clerk of Court is directed to return to plaintiff, without filing, any *in forma pauperis* action which is received from plaintiff without an application seeking leave to file; (3) if the Court grants plaintiff leave to file a new action, the civil action shall be filed and assigned a

---

[1] Plaintiff states that he filed subsequent actions in order to address new issues—namely alleged retaliation by the Chinese government and specific individuals. (Pl. Aff. at 1, 4.) He states that he included the original claims regarding the bus trip in each action and subsequently sought consolidation of the actions because he wanted to relate each case back to the original filing date of Purisima I, for the purpose of preserving his claims within the statute of limitations. (Pl. Aff. at 4.) In his Affirmation, Plaintiff moves to strike those portions of Purisima V and Purisima VI that are duplicative of the claims made in his prior complaints. (Id.) This motion is denied.

The court dismissed Plaintiff's second through sixth complaints not only because they were duplicative of Purisima I, but also because they were frivolous. In each of these cases, the court reviewed Plaintiff's submissions and found his claims factually baseless.

[2] Plaintiff states that numerous Chinese immigrants are arriving on American shores, that Plaintiff is being followed and photographed in public spaces, and that a series of news articles about prominent Chinese-Americans and international news involving the Chinese government all relate to his original complaint. (Pl. Aff. at 2-16.)

civil docket number; (4) if leave to file is denied, plaintiff's submission shall be filed on the Court's miscellaneous docket.

28 U.S.C. § 1651. Nothing in this Order shall be construed to limit Plaintiff's continued litigation of his pending claims in Purisima I. Nor shall Plaintiff be prohibited from filing an appeal of this Order. Pursuant to 28 U.S.C. § 1915(a)(3), however, the court certifies that in forma pauperis status is denied for the purpose of any appeal of this Order. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
January 24, 2012

NICHOLAS G. GARAUFIS
United States District Judge

4