UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTON PURISIMA,

        Plaintiff,

    -against-

BO XILAI, *also known as Secretary of the Chinese Communist Party in Chongqing*, "*China*"; JOHN DOE; and JANE DOE,

        Defendants.
------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ FEB 29 2012 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

11-CV-5523 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

By Memorandum and Order dated January 29, 2011, the court enjoined Plaintiff Anton Purisima from filing any new in forma pauperis action in this court without first obtaining leave from the court. (Mem. & Order of Jan. 29, 2011 (Docket Entry # 5) ("Jan. 29 Order") at 3.) Purisima has now filed a letter request for reconsideration of that Order. (Docket Entry # 7.) For the reasons that follow, the court denies Purisima's request.

**I.    BACKGROUND**

Purisima has filed six civil actions in this court since August 8, 2009. In his first action, Purisima v. Tiffany Entertainment, et al., No. 09-CV-3502 (NGG)(LB) ("Purisima I"), Purisima alleged that the operators of a bus company and other Defendants discriminated against him on the basis of race or national origin in connection with a bus trip on July 13 and 14, 2009. That case remains pending. Purisima subsequently filed five new actions: Purisima v. Asian Marketing, et al., No. 11-CV-1919 (NGG)(LB) ("Purisima II"); Purisima v. Zheng, et al., No. 11-CV-2381 (NGG)(LB) ("Purisima III"); Purisima v. President Hu-Jintao, et al., No. 11-CV-2967 (NGG)(LB) ("Purisima IV"); Purisma v. Lang Lang Int'l Music Found., et al., No.

1

11-CV-5052 (NGG)(LB) ("Purisima V"); and Purisma v. Bo Xilai, et al., No. 11-CV-5523 (NGG)(LB) ("Purisima VI"). Each of the subsequent cases referred to the original bus trip incident and alleged that the bus company is part of a vast global conspiracy by the Chinese government and Chinese officials. Purisima also alleged that the Chinese government retaliated against him for filing Purisima I, and attached news clippings he claimed were related.

On July 20, 2011, the court consolidated the first four actions and dismissed the second through fourth complaints without prejudice to Purisima I. The court dismissed as frivolous Purisima's claims in those actions of violations of Titles VI and VII of the Civil Rights Act. (Purisima I Order (Docket Entry # 57) at 7-8.) The court also dismissed as frivolous Purisima's claims of a global conspiracy in his second through fourth complaints. (Id. at 10.) By Order dated November 7, 2011, the court dismissed Purisima's fifth action as frivolous and warned Purisima that commencing additional duplicative or frivolous litigation could result in the imposition of an injunction prohibiting him from making future filings seeking in forma pauperis status without leave of the court. (Purisima V Mem. & Order (Docket Entry # 3) at 4-5.)

Purisima nonetheless commenced this, his sixth, action on November 9, 2011. (Purisima VI Compl. (Docket Entry # 1).) On December 14, 2011, the court dismissed the action as frivolous and directed Purisima to show cause why the court should not bar Plaintiff from filing any future frivolous actions seeking in forma pauperis status without first seeking the court's authorization. (Purisima VI Mem. & Order of Dec. 14, 2011 (Docket Entry # 3) at 3-5.) Purisima filed an Affirmation in response to this Order on January 13, 2012. (Pl. Aff. (Docket Entry # 4).)

On January 29, 2011, the court issued a Memorandum and Order finding that Purisima's Affirmation had "fail[ed] to address the court's concerns with regard to his frequent and

vexatious filings" and had not "offer[ed] any reason why [he] should not be barred from filing future in forma pauperis complaints"; instead, the Affirmation had "argue[d] that his lawsuits were not duplicative of one another" and had "ma[de] additional factual allegations in an apparent attempt to make claims not raised in his original complaint in this action." (Jan. 29 Order at 3.) Accordingly, the court ordered that "plaintiff is enjoined from filing any new *in forma pauperis* action in this Court without obtaining leave of the Court." (Id.)

By letter dated February 6, 2012, Purisima requested that the court reconsider its January 29, 2012, Order. Purisima asserts that he did not receive the court's November 7, 2011, Order in Purisima V until after he had filed Purisima VI. (Pl. Ltr. at 1-2.) As discussed above, the court's November 7, 2011, Order dismissed Purisima V as frivolous and warned Purisima that commencing additional duplicative or frivolous litigation could result in a filing injunction. (Purisima V Mem. & Order at 4-5.) Purisima claims that he did not receive that Order "until he went to the courthouse to request [ ] the case docket of [Purisima V]," after he had already filed Purisima VI. (Pl. Ltr. at 1.) He says that if he had known about the court's Order in Purisima V before filing Purisima VI, he would have either "avoided" filing Purisima VI or requested permission to file it. (Id. at 2.) For these reasons, Purisima requests reconsideration of the court's January 29, 2012, Order, removal of the filing injunction, and permission to amend his Complaints in Purisima V and Purisima VI. (Id.)

## II. DISCUSSION

The court finds Purisima's request unpersuasive for several reasons.

First, if in fact Purisima was unaware of the court's November 7, 2011, Order before filing Purisima VI, Purisima should have made that clear in his January 13, 2012, Affirmation, in

3

which he was supposed to (but did not) explain why the filing injunction was unwarranted. The Affirmation does not mention Purisima's late awareness of the court's Order.

Second, Purisima provides no convincing reason for why he did not find out about the court's November 7, 2011, Order until after he filed Purisima VI. He states that he did not know about that Order "until he went to the courthouse to request [ ] the case docket of [Purisima V]," but gives no explanation for why he was unable to request that docket beforehand. (Pl. Ltr. at 1.)

Third, Purisima has still failed to address the court's concerns with respect to his frequent and frivolous filings, and therefore continues to offer no reason—either in his letter or his Affirmation—why he should not be barred from filing future in forma pauperis complaints. See Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal quotation marks omitted)). Purisima's alleged unawareness of the court's Purisima V Order simply does not justify his filing of five meritless and duplicative lawsuits. Indeed, Purisima's letter suggests only that he intends to continue to burden the court with meritless filings.

Finally, with respect to Purisima's request to amend his Purisima V and Purisima VI Complaints and strike their duplicative portions, the court has already denied a similar motion made in Purisima's Affirmation, reasoning that those cases were dismissed "not only because they were duplicative of Purisima I, but also because they were frivolous." (Jan. 29 Order at 3 n.1.) That reasoning is equally applicable here.

## III. CONCLUSION

For the foregoing reasons, Purisima's request for reconsideration of the court's January 29, 2011, Memorandum and Order is DENIED. Purisima is warned that attempting to

4

commence additional duplicative or frivolous litigation, or making further requests to remove the court's filing injunction, could subject him to additional sanctions.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      February 29, 2012

NICHOLAS G. GARAUFIS
United States District Judge